693 P.2d 451

Elmer T. HARSHBARGER and Beverly U. Harshbarger, husband and wife; T.W. Bush and Pamela Bush, husband and wife; R.N. Bush and Lois I. Bush, husband and wife; James D. Lohmann and Janet Lohmann, husband and wife; Ronald S. Thaemert and Rosa D. Thaemert, husband and wife; Rex L. Bennett and Pamela A. Bennett, husband and wife; Ronald Sayre and Sherry Sayre, husband and wife; Vernon Kendall and Olivene Kendall, husband and wife; Nick Henderson and Linda Henderson, husband and wife; Sam DeLeeuw and Alice DeLeeuw, husband and wife; known collectively as Canyonside Estates Residents, Plaintiffs-Appellants,

v.

COUNTY OF JEROME, State of Idaho; Mel Grindstaff, Hendry Schutte and Russell Howell (the Jerome County Commissioners); the Jerome County Highway District; and H.E. "Hap" Wilson, John Mogensen and Raymond G. Clark, (Commissioners of the Jerome County Highway District), Defendants-Respondents.

No. 15158.

Supreme Court of Idaho.

Dec. 27, 1984.

John J. Healzer, of Hart & Healzer, Jerome, for plaintiffs-appellants Harshbarger.

Dannis M. Adamson, Pros. Atty. for Jerome County, and Kay R. Jones, Deputy Pros. Atty., Jerome, for defendant-respondent County of Jerome.

Robert E. Williams, III, of Rettig, Fredericksen & Williams, Jerome, for defendant-respondent Jerome County Highway District.

THE PREVIOUS OPINION ISSUED OCTOBER 10, 1984, IS HEREBY WITHDRAWN AND THIS OPINION IS SUBSTITUTED THEREFOR.

DONALDSON, Chief Justice.

On February 7, 1973, Mr. Dee Hord, developer of the Canyonside Estates Subdivision, presented the subdivision plat to Jerome County. The plat was accepted by the Jerome County Planning & Zoning Commission, and by the Jerome County Commissioners later that month. Parcels of land within the subdivision were subsequently purchased by the appellants.

Dee Drive is the main thoroughfare through Canyonside Estates Subdivision. It is open to, and used by, the public, including use by school buses and mail carriers. Jerome County is served by two highway districts, one of which is the Jerome Highway District in which Canyonside Estates Subdivision lies.

Despite requests from the residents of the subdivision, neither Jerome County, nor the Jerome County Highway District, would provide road maintenance for Dee Drive. Therefore, the appellants, residents of the subdivision, brought a declaratory judgment action which they stipulated at trial was in the nature of a writ of mandamus.

Dee Drive has not been repaired or maintained since its creation. Jerome County contends that it is not responsible for maintaining Dee Drive, because the Idaho Code gives exclusive general supervision and jurisdiction of county highways to highway districts. The Jerome County Highway District's position is that it is not responsible for maintaining the road until it is brought up to the district's minimum standards of highway construction. The district asserts that it possesses the implied right to refuse to maintain any roadway not constructed in accordance with its standards. At trial, the district court held that neither Jerome County, nor the Jerome County Highway District, had a present duty to maintain Dee Drive. The court further held that, once the roadway is brought up to the district's minimum standards, the Jerome County Highway District would have to assume all further maintenance of Dee Drive.

Two issues are presented on this appeal: (1) whether Jerome County had the authority to accept the dedication of Dee Drive to the public; and, (2) whether Jerome County or the Jerome County Highway District has a present duty to maintain Dee Drive. We will address each of the above issues in turn.

## I.

### Dedication

"A dedication is the devotion of land to a public use, by an unequivocal act of the owner of the fee, manifesting the intention that it shall be accepted and used presently or in the future for such public purpose." 26 C.J.S. *Dedication* § 1 (1956). One common method of dedicating property for public purposes is by plat. 23 Am.Jur.2d *Dedication* § 29 (1983); 26 C.J.S., *Dedication* at § 23. As this Court stated in *Smylie v. Pearsall*, 93 Idaho 188, 191, 457 P.2d 427, 430 (1969), *reaffirmed in Pugmire v. Johnson*, 102 Idaho 882, 643 P.2d 832 (1982): "When an owner of land plots the land, files a plat for record and sells lots by reference to the recorded plat, a dedication of public areas indicated by the plat is accomplished. This dedication is irrevocable except by statutory process."

I.C. § 50–1312 provides for statutory dedication to the public of streets within a

subdivision plat when the plat, showing the streets thereon, is acknowledged.[1]  I.C. § 50–1308 provides that where a subdivision is not within a city, the board of county commissioners of the county in which the subdivision is located is the body with the authority to approve and accept subdivision plats.[2]

The Canyonside Estates plat, containing an express dedication of Dee Drive to the public, was accepted by the Jerome County Commissioners on February 9, 1973, and recorded by the Jerome County Recorder on February 20, 1973, all in accordance with the proscribed statutory procedures. The district court concluded, however, that "Jerome County had no authority to accept a dedication of Dee Drive to the public, at least in a sense that made itself or the highway district liable for road maintenance."  The court appeared to base this conclusion on the language of I.C. § 40–1611 which states that highway districts shall have exclusive general supervision and jurisdiction over highways within their district.

■■■ While this statute appears to grant highway districts exclusive jurisdiction over highways within their districts, it does not give them the power or duty to accept subdivision plats.  Under the Idaho Code, as it existed when Canyonside Estates was created, Jerome County clearly

had the authority to accept and approve the plat.  I.C. § 50–1308, *supra.*  The direct effect of that acceptance was to dedicate Dee Drive to the public use.  I.C. § 50–1312, *supra.*

Under the statutory scheme existing in 1973, the Jerome County Highway District was given no voice in the dedication process.  This Court notes that I.C. § 40–707 was amended in 1982 to give highway districts that voice:[3]

"**40–707.  Record** *and dedication of highways.—(a)* In all cases where consent to use the right-of-way for a highway is voluntarily given, purchased, or condemned and paid for, either an instrument in writing conveying the right-of-way and incidents thereto, signed and acknowledged by the party making it, or a certified copy of the decree of the court condemning the same, must be made and filed and recorded in the office of the recorder of the county, in which the land so conveyed or condemned must be particularly described.

*"(b) No street or alley or highway hereafter dedicated by the owner to the public shall be deemed a public street, highway or alley, or be under the use or control of a county, highway district, or good road district unless the dedication shall be accepted and confirmed by the commissioners of the county, highway district, or good road district."*

1.  Before its amendment in 1978, I.C. § 50–1312 provided as follows: "The acknowledgment and recording of such plat is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets or other public use, or as is thereon dedicated to charitable, religious or educational purposes."

2.  "50–1308.  Approvals.—If a subdivision is not within the corporate limits of a city, the plat thereof shall be submitted, accepted and approved by the board of commissioners of the county in which the tract is located in the same manner and as herein provided.  If the city or county has established a planning commission, then all plats must be submitted to said commission in accordance with provisions of § 50–1106, Idaho Code.  No plat of the subdivision requiring city approval shall be accepted for record by the county recorder unless said plat shall have first been submitted to the city and has been accepted and

approved and shall have written thereon the acceptance and approval of the said city council and bear the signature of the city engineer and clerk.  No plat of a subdivision shall be accepted for record by the county recorder unless said plat has been certified, within thirty (30) days prior to recording, by the county treasurer of the county in which the tract is located.  The county treasurer shall not withhold certification for any reason except for county property taxes due, either or both delinquent and current, but not paid, upon the property included in the proposed subdivision.  The current year's tax shall be computed by using the previous year's levy unless the current year's levy has been set."

3.  Similarly, we note that I.C. §§ 50–1312 and 1313 were amended in 1978 to give countywide highway districts a voice in the dedication process.

However, in 1973, a county clearly had the authority to accept a public dedication. Therefore, we conclude that Jerome County had the authority to accept the dedication of Dee Drive to the public.

## II.

### Maintenance

 The district court concluded that neither Jerome County nor the Jerome County Highway District had a present duty to maintain Dee Drive. The court went on to hold that once the road was brought up to the district's present minimum standards for road acceptance, the highway district will be required to accept it into its system. Due to our finding that Jerome County had the authority to accept the dedication, we cannot agree with those conclusions.

Once Dee Drive was dedicated to the public it became a highway. I.C. § 40–107. The Idaho Code places the duty to improve and maintain the highways within their jurisdiction on all counties within the state.[4] This policy is in accord with the general rule that once a dedication has been accepted, the public authority is charged with keeping the dedicated property open and in repair. 26 C.J.S., *Dedication* at § 55.

Under I.C. § 40–106, it would at first appear that Jerome County must assume the maintenance of Dee Drive. However, in counties with highway districts, Idaho Code, Title 40, chapter 16 transfers the powers and duties over highways from the county commissioners to the highway board of the highway district.

I.C. § 40–1611 states that, with respect to highways, all the powers and duties of the board of county commissioners are vested in the highway board of the highway district. The highway board is given exclusive jurisdiction to construct, maintain, repair and improve all highways within its district.

Thus, we conclude that, under the Idaho Code, the Jerome County Highway District

has the duty to accept Dee Drive into its highway system and begin providing maintenance. However, the decision to maintain Dee Drive as a gravel road or to invest the $24,000 necessary to bring it up to the district's minimum standards of highway construction rests within the discretion of the highway district.

Reversed and remanded with instructions to enter an order in conformance with the opinions expressed herein.

Costs to appellant.

No attorney fees on appeal.

SHEPARD, BISTLINE and HUNTLEY, JJ., concur.

BAKES, J., concurs in the result.

---

**4.** I.C. § 40–106. "The improvement of highways and highway systems is hereby declared to be the established and permanent policy of the state of Idaho, and the duty is hereby imposed upon the state, and all counties, cities and vil-

lages in the state, to improve and maintain the highways within their respective jurisdiction as hereinafter defined, within the limits of the funds available therefor."