792 P.2d 342

Maria De Los Angeles MERCADO, as natural mother and guardian of Assenette Medrano Mercado, a minor child, Plaintiff–Appellant, Cross–Respondent,

v.

Wade BAKER, individually, and doing business as Wade's Way Farms; Defendants,

and

Lockwood Corporation, a Nebraska Corporation; Does I through X, Defendant–Respondent, Cross–Appellant.

No. 17476.

Supreme Court of Idaho.

May 23, 1990.

E. Lee Schlender, Hailey, for plaintiff-appellant, cross-respondent.

Nelson Rosholt, Robertson, Tolman & Tucker, Twin Falls, for defendant-respondent, cross-appellant. Carolyn M. Minder, Boise, argued.

BOYLE, Justice.

This is a products liability and personal injury case involving a claimant whose cause of action was foreclosed on summary judgment by limitations set out in the Idaho product liability statute of repose, I.C. § [6–1403] 6–1303(2).[1] The statute of repose creates a rebuttable presumption for the defendant that a product's useful safe life has expired in those claims that involve harm caused more than ten years after time of delivery. We addressed this identical issue in *Olsen v. Freeman*, 117 Idaho 706, 791 P.2d 1285 (1990) and concluded that the statute of repose contained in I.C. § 6–1403 was constitutional and on similar facts affirmed granting of summary judgment.

This personal injury case arose out of a September, 1986 farming accident that occurred when Assenette Medrano Mercado's right foot and toes came into contact with an unguarded drive mechanism on a potato harvester. Mercado brought this action against her employer, Wade's Way Farms and the manufacturer of the harvester, Lockwood Corporation. On motion for summary judgment, the trial court granted summary judgment and dismissed the case pursuant to the Idaho product liability statute of repose. I.C. § 6–1403(2). Lockwood sold and delivered the harvester to Wade's Way Farms in 1975, more than ten years prior to the date of the accident.

On March 27, 1987, Mercado filed an amended complaint against Lockwood alleging negligence in the design, manufacture, assembly, testing and inspection of the potato harvester. Mercado contended that the harvester lacked a cover plate over the gear mechanism and alleged negligent failure to warn, that the harvester was sold in a defective condition and prayed for an award of punitive damages.

On December 7, 1987, Lockwood presented a motion for summary judgment based

upon the statute of repose contained in I.C. § 6–1403(2). At the close of the hearing on Lockwood's motion for summary judgment, Mercado represented to the court that there was evidence in the form of deposition testimony to oppose the motion. The court granted Mercado additional time to submit the deposition testimony. On February 1, 1988, the trial court granted Lockwood's motion for summary judgment and the court's opinion was issued on February 2, 1988. On February 4, 1988, Mercado filed a motion for admission of the affidavit of R. Bruce Hopkins, an engineer retained as an expert by appellant. The motion was denied. On February 10, 1988, Lockwood moved for an award of costs and fees supported by a memorandum and affidavit.

On February 17, 1988, Mercado filed a motion for reconsideration of the trial court's order granting summary judgment. On February 29, 1988, the court heard argument on Lockwood's request for costs and fees and Mercado's motion for reconsideration. On March 4, 1988, the court rendered its decision denying Mercado's motion for reconsideration and awarded Lockwood costs as a matter of right. In its memorandum opinion, the court referred to the affidavit of F. Bruce Hopkins, and held that since the affidavit was not timely filed it could not be utilized by plaintiff to oppose summary judgment. The court went on to hold, however, that even if Hopkins' affidavit had been timely filed it lacked any information based upon personal knowledge or affirmatively showed that Mr. Hopkins was qualified as an expert to testify to the matters contained in the affidavit, and such defectiveness prohibited its use.[2]

On appeal to this Court, Mercado contends 1) that the Idaho product liability statute of repose in I.C. § 6–1403 denies equal protection of the law; 2) that the statute is unconstitutional in that it violates the open court provision of the Idaho Con-

---

1. The bracketed section designation was inserted by the compiler, but will be deleted from the balance of the Court's discussion for convenience purposes. As stated in the compiler's notes, the bracketed section designations were inserted to indicate the necessary changes in numbering from the law as enacted.

2. The affidavit of R. Bruce Hopkins is attached as an exhibit to this opinion. In addition to being untimely, the Hopkins' affidavit is inadequate in every respect to prevent granting of summary judgment.

stitution and is unconstitutionally vague; and 3) that the trial court abused its discretion when it refused to accept the affidavit of R. Bruce Hopkins and grant Mercado's motion for reconsideration. Lockwood requests attorney fees on appeal.

For the reasons stated in *Olsen v. Freeman*, 117 Idaho 706, 791 P.2d 1285 (1990), we uphold the constitutionality of the Idaho product liability statute of repose in this appeal on both asserted grounds.

Mercado contends that the district court abused its discretion in granting defendant's motions for summary judgment because factual issues were raised by the pleading, affidavits and depositions. We disagree. The only evidence presented by plaintiff was an affidavit which was not timely filed and is insufficient to withstand Lockwood's motion for summary judgment.

The law is well established in Idaho that on a motion for summary judgment, the court must determine whether the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Boise Car & Truck v. Waco, Inc.*, 108 Idaho 780, 702 P.2d 818 (1985); I.R.C.P. 56(c). Further, the standards for summary judgment require the district court to liberally construe the facts in favor of the non-moving party and to draw all reasonable inferences from the record in favor of the non-moving party. *Doe v. Durtschi*, 110 Idaho 466, 716 P.2d 1238 (1986); *Meridian Bowling Lanes, Inc. v. Meridian Athlete Ass'n, Inc.*, 105 Idaho 509, 670 P.2d 1294 (1983); *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982).

However, upon application of the principles governing summary judgment proceedings to the facts presented in this action, it is clear that the district court did not err in granting summary judgment. The district court specifically found that Mercado did not present any evidence to rebut the presumed fact the plaintiff's harm was caused after the useful safe life of the potato harvester in question had expired. Such evidence, had it been available and presented, could have allowed Mercado's claim to avoid the bar of I.C. § 6-1403 and proceed to trial. Plaintiff failed to produce any such evidence, and therefore summary judgment in favor of defendant Lockwood was appropriate. Accordingly, the district court did not err in granting summary judgment.

The judgment of the district court is affirmed in all respects. Costs to respondents.

BAKES, C.J., and JOHNSON and McDEVITT, JJ. concur.

BISTLINE, Justice, dissenting.

I agree with the majority that the affidavit of R. Bruce Hopkins did not constitute the clear and convincing evidence necessary to rebut the statutory presumption operating in favor of the defendant. However, for the reasons stated in my dissent in *Olsen v. Freeman*, 117 Idaho 706, 791 P.2d 1285, I adhere to the view that the clear and convincing evidence burden imposed on plaintiffs by Idaho Code § 6-1403 is so onerous that it constitutes a violation of the open courts provision of the Idaho Constitution. For that reason the summary judgment should be reversed.

It is also necessary to reiterate that, even assuming *arguendo* that the statute is constitutional, it is inappropriately applied to a failure to warn claim. As I explained in *Olsen*, the duty to warn is an ongoing duty which may arise even after the "useful safe life" of a product has expired. A statute of repose based on the finite concept of "useful safe life" is therefore inapplicable to a claim for failure to warn. Mercado asserted such a claim, and as to that claim, at least, the summary judgment against her should be reversed.