796 P.2d 1016

**BEAR LAKE WEST HOMEOWNER'S ASSOCIATION, Plaintiff–Appellant,**

v.

**BEAR LAKE COUNTY, George Hulme, Floyd Bird, Lee Rigby and Does 1 through 10 inclusive, Defendants–Respondents.**

**No. 18026.**

Supreme Court of Idaho.

Aug. 6, 1990.

Howard W. Matthews, Paris, for plaintiff-appellant.

Racine, Olson, Nye, Cooper and Budge, Pocatello, for defendants-respondents. Louis F. Racine, Jr., argued.

HERNDON, Justice Pro Tem.

This action involves a request for a Writ of Mandate directing defendants/respondents Bear Lake County and Bear Lake County Commissioners (County) to construct and maintain utilities within a private land development. Plaintiff/Appellant Bear Lake West Homeowners Association (Association) appeals the summary judgment granted to the County.

We vacate the District Court's decision and remand this case for further proceedings.

## I. STATEMENT OF FACTS

When viewed in a light most favorable to the non-moving party, the record provides the following facts:

Between the years 1970 and 1979, Bear Lake West, Inc. (Developer) submitted thirteen (13) separate subdivision plats [1] which were approved [2] and recorded by the County.

---

1. Bear Lake West Plat 10 is not subject to this appeal. All 13 subdivisions except number 9 were accepted, approved and recorded between 1970 and 1974.

2. The County acceptance, whether designated as

The dedication language set forth on the face of each plat varies significantly. The plats can be split into four distinct groupings: Bear Lake Plats 1–3;[3] Bear Lake West Plats 4–8;[4] Bear Lake West Plat 9;[5] and Bear Lake West 11–14 (Lakeside Plats 1–4).[6]

The Developer formed the Association when the first plat was approved. Membership in the Association was later expanded to include all of the lot owners from the thirteen (13) subdivisions. At the time this action commenced, approximately thirty (30) lots remained unsold since the plats were recorded. However, not all of the lot owners purchased their land from the Developer.

The Developer operated the Association until 1981, when its control was turned over to the homeowners.

The Association Articles of Incorporation[7] declares in part:

### ARTICLE III

The Corporation is organized as a nonprofit corporation and is formed for and shall have the following purposes:

1. To permanently provide and contract for the maintenance of the common areas and of the recreational facilities in the common areas; and also snow removal from and maintenance, repair, and reconstruction of the private roads in the Bear Lake West Subdivisions to Bear Lake County, Idaho ... all as contemplated by plans submitted by Bear Lake West, Inc., a corporation, to Bear Lake County, Idaho.

The Association By–Laws[8] state in part:

### ARTICLE I

### MEMBERSHIP

Section 3. *Membership Rights.* Members shall have the right to use all parks, private or public roads, recreational facilities, utilities systems or all other services including, but not limited to, water, sewage, and garbage services, and all other amenities within the Subdivision or owned by the Corporation.

.        .        .        .        .

### ARTICLE VII

### ANNUAL ASSESSMENT

Section 1. *Maintenance Assessment.* In order to enable the Corporation to properly maintain the private roads, common areas, recreational facilities, and other amenities within the Subdivision and/or owned by the Corporation, to provide utilities systems and services, including, but not limited to, water, sew-

County's acceptance, County approval and acceptance, or Bear Lake County Commissioner, uses the words "accepted" and "approved".

3. The Owners Certificates state: "That donation of streets shown on said plat is hereby made to the public. The easements located on said plat are not dedicated to the public...."

4. The Owners Certificates provide: "That donation of streets shown on said plat is hereby made to the public. The easements located on said plat are not dedicated to the public,.... The Common Area is granted and conveyed to the Bear Lake Homeowners Association, all those parts or portions of said tract of land designated as Common Areas to be used for recreational and open space purposes ... and grant and dedicate to Bear Lake County a perpetual Open Space Right and Easement on and over the Common Areas to guarantee to Bear Lake County that the Common Areas remain forever open and undeveloped except for approved recreational, parking, utilities and open space purposes."

5. The Owners dedication state that the owners: "Do hereby warrant and save County harmless from any easements and encumbrances and do hereby give, grant, and dedicate the streets and common areas as indicated of said plat, to the Bear Lake West Homeowners Association and grant and dedicate to Bear Lake County a perpetual easement on the streets and common area as indicated on said plat. Other easements indicated on said plat are not dedicated to the public...."

6. The Owners dedication provides that the owners: "do hereby dedicate all streets and easements shown or indicated hereon to the perpetual use of the public." Plaintiff's Exhibit A, Bear Lake West Plats 11–14.

7. Filed on April 29, 1977.

8. Adopted June 27, 1977.

age, and garbage collection, and to construct, maintain, or repair any improvements upon property within the Subdivision and/or owned by the Corporation, the Board of Directors of the Corporation shall be empowered to annually assess the stock of the Corporation held by the members thereof.

In addition, the Associations' Declaration of Restrictions [9] read in pertinent part:

10. *Ownership, Use and Enjoyment of Parks and Recreational Amenities.*

a. All parks, recreational facilities and other amenities within the Subdivision or Development are private, and neither the Declarant's recording of the Plat nor any other act of Declarant with respect to the Plat, shall be construed as a dedication to the public, ...

Not all of the lot owners purchased their property from the Developer. However, those who did received a Property Report prepared pursuant to the Federal Interstate Land Sales Registration Act.[10] The Property Reports contains the following:

NOTICE AND DISCLAIMER BY OFFICE OF INTERSTATE LAND SALES REGISTRATION U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

10.

a. Roads

1. ....

2. *Road System Within the Subdivision:*

... All roads in Sections 11, 12, 13 and 14 (as well as all roads in Sections 1–8) of Bear Lake West are private roads and maintenance thereof is paid for out of annual dues of the Homeowner's Association.

The Developer did not complete the construction of most of the improvements, including the roads (streets). The Developer filed Bankruptcy and the development was acquired by a new company, Bear Lake

West II, under a plan of reorganization approved by the Bankruptcy Court. Although directed by the plan to complete the roads and utilities, the new company failed to do so. The Association first sought to force the Developer to complete the improvements and then looked to the County.

In its Complaint, plaintiff alleges, in pertinent part:

5. Prior to approving each plat, the defendant set forth various requirements to be performed by the developer, Bear Lake West Inc. Included in the requirements were roads, water system, power lines, and sewage system. Construction of the foregoing improvements were required as condition for the plats being approved by the County of Bear Lake.

. . . . .

32. Defendant Bear Lake County established various requirements prior to granting approval of the subdivision plats of Bear Lake West 1–9 and 11–14. Included in those requirements were the necessity of constructing roads, water systems, power lines and a sewage system.

Association filed its Complaint on December 5, 1985, and the County answered on October 1, 1986. In the answer, County alleges:

That the Minutes of the meetings of Bear Lake County, Idaho Commissioners establish that the plats as recorded were accepted by Bear Lake County and the Commissioners, provided certain construction improvements were completed.

County bases its position on the Stipulation of Facts [11] and the affidavits of present and former Bear Lake County Commissioners.

The trial court entered its decision and order dated February 6, 1989, filed of record February 13, 1989, and granted summary judgment to the County. The trial court ruled that the County did not accept any responsibility for the construction and maintenance of the improvements.

---

9. Filed May 3, 1974.

10. Effective date of property report: September 7, 1977.

11. Stipulated Facts signed and dated May 3, 1988.

The district court ruled "that compliance with county standards was prerequisite and the subdivision plats were conditionally accepted. Plaintiffs in their complaint, acknowledge the preexisting conditions to acceptance of the plat."

The trial court granted summary judgment to County and the Association appealed.

## II. SUMMARY JUDGMENT

■ Motions for summary judgment should only be granted when no genuine issue of material fact exists after the pleadings, depositions, admissions and affidavits have been construed most favorably to the opposing or non-moving party, and the moving party is entitled to judgment as a matter of law. *Anderson v. City of Pocatello*, 112 Idaho 176, 731 P.2d 171 (1986); *Boise Car & Truck Rental Co. v. Wakco, Inc.*, 108 Idaho 780, 702 P.2d 818 (1985); *Maxwell v. Women's Clinic, PA*, 102 Idaho 53, 625 P.2d 407 (1981); Idaho Rules of Civil Procedure (I.R.C.P.) 56(c). Liberal construction of the facts in favor of the non-moving party requires the court to draw all reasonable factual inferences in favor of the non-moving party. *Herrera v. Conner*, 111 Idaho 1012, 729 P.2d 1075 (Ct.App.1986). *Blake v. Cruz*, 108 Idaho 253, 698 P.2d 315 (1985).

## III. ANALYSIS

The Association claims that when the County accepted, approved and recorded the subdivision plats the roads were dedicated to the public and that now the County is responsible for the construction and maintenance of the public roads within the subdivisions.

The County argues that the approval of the plats with their public dedication of the roads was conditioned upon the Developer's completing the roads in accordance with County's specifications and standards. It further argues that, since the Developer did not construct the roads according to County standards, the County's conditional acceptance did not evolve into an unconditional acceptance.

The district court held that all the plats were conditionally accepted by the County. However, the court did not provide an analysis for its decision. At least some of the plats seem to meet the statutory requirements governing acceptance, approval and recording of plats sets forth in I.C. § 50–1301 et seq. The Developer presented the subdivision plats and the County accepted, approved, and recorded them. However, the dedication language in the plats does not specify conditional approval. The dedicatory language varies from plat to plat, however, and raises a factual question as to the meaning of each plat, especially when considered in light of the Association Articles of Incorporation, the Association By–Laws and the Associations' Declaration of Restrictions and the Property Reports. Summary judgment should only be granted when no genuine issue of material fact exists.

■ We determine that each plat must be examined and a determination made concerning its acceptance, approval, recording and interpretation. Thus, we find that the material factual issues exist, which the district court needs to scrutinize.

Both parties cite *Harshbarger v. County of Jerome*, 107 Idaho 805, 693 P.2d 451 (1984). The application of *Harshbarger* in this case is premature. *Harshbarger* explains that once the roadways are dedicated to the public and accepted by the municipality, then the governmental entity has the obligation to improve and maintain them.

In this case, the genuine issue of material fact focuses on whether the county either conditionally or unconditionally accepted the roadways dedicated to the public use and, therefore, should be required to improve and maintain them.

In *Harshbarger*, we held that once a subdivision plat is recorded, containing an express dedication of the roads to the public and the Board of County Commissioners exercises its authority to approve and accept the subdivision plats, the roads are dedicated to the public use.

Each of the 13 plats should be considered individually to determine whether it was

accepted and approved either conditionally or unconditionally. Since the district court disposed of this case by summary judgment it did not make a factual analysis concerning each plat. Once the factual determination has been made concerning the dedication language of the plats and whether the plats were accepted, approved and recorded conditionally or unconditionally, then the district court should apply the appropriate statutory and case law to each plat separately.

Costs to appellant. No attorney fees allowed.

BAKES, C.J., and JOHNSON, BOYLE and McDEVITT, JJ., concur.