853 P.2d 635

**Mary Lee BARAB, Plaintiff–Appellant,**

v.

**Laird PLUMLEIGH, individually, Jo Ann Plumleigh, individually, Defendants–Respondents,**

**and**

**Carmine Rocci, individually, Heaney–Monroe Plumbing, a Nevada corporation, John Does I–IV and Corporate Does I–V, Defendants.**

No. 19841.

Court of Appeals of Idaho.

June 2, 1993.

Ellis, Brown and Shiels Chtd., Boise, Sherman, Dan & Portugal, Beverly Hills, CA, for appellant. Arthur Sherman argued.

Quane, Smith, Howard & Hull, Twin Falls, for respondents. Brian D. Harper argued.

WALTERS, Chief Judge.

This is an appeal from a summary judgment dismissing a tort action for damages allegedly resulting from the explosion of a woodburning stove. The plaintiff-appellant, Mary Lee Barab, challenges the district court's conclusion that her action was barred by the applicable statutes of limitation and that she also had not established a claim predicated upon alleged failure to

warn of a dangerous condition. For reasons to follow, we affirm.

### Facts

The following facts are gleaned from the record, which we have construed in a light most favorable to the plaintiff. *See Bonz v. Sudweeks*, 119 Idaho 539, 808 P.2d 876 (1991). In 1981, Laird and Jo Ann Plumleigh contracted for the construction of a new home in East Fork, Idaho. This house, near Sun Valley, was a secondary residence for the Plumleighs who lived in California. Laird Plumleigh supervised the project, and his builder consulted with him on all details of the construction, including the layout of the home's propane fuel system. This propane system included a line running to a wood stove inside the home. A propane log-lighting device was then installed into the stove. The wood stove, the propane line running to it, and the log-lighting device, all were installed by February, 1982, when the home received a final inspection and certification for occupancy. Later, in July, 1982, a propane tank was brought to the site, filled, and put on line with the propane system.

During the seven years that they owned the home, the Plumleighs visited it approximately five times. Although they used the wood stove, they did not use the log-lighter device. Instead, they would ignite the logs by lighting newspaper and kindling. Neither of the Plumleighs experienced any operational problems with the stove. Although their builder had used the wood stove and its log-lighter device, he never had problems with any aspect of either one.

The Plumleighs sold the home to Mary Lee Barab and her husband in April, 1989. On April 10, 1990, Mary Lee was severely burned when the wood stove and the propane log-lighter device exploded. On June 28, 1990, she filed this tort action against the Plumleighs. In her complaint, Barab claimed that the Plumleighs were responsible for her injuries, alleging essentially two theories for recovery: the negligent design and construction of the wood stove, and the negligent failure to warn her of the stove's dangers. The Plumleighs moved for summary judgment. They contended that Barab's claim for negligent design and construction was barred under Idaho's statutes of limitation, *see* I.C. §§ 5–219 *and* 5–241. They also maintained that Barab had failed to establish a prima facie case of negligent failure to warn. After considering the evidence submitted and the arguments presented by both sides, the district court granted the Plumleighs' motion and dismissed Barab's complaint. Barab filed this appeal.

### Issues and Standard of Review

The issues presented on this appeal are (1) whether the claim against the Plumleighs for negligent design and construction of the stove is barred under Idaho's statutes of limitation; and (2) whether Barab failed to establish the essential elements of her claim alleging negligent failure to warn.

■ On appeal from an order granting summary judgment, we will review the pleadings, depositions, and admissions on file, together with the affidavits, if any, to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Ray v. Nampa School Dist. No. 131*, 120 Idaho 117, 814 P.2d 17 (1991). Standards applicable to summary judgment require the district court, and the appellate court on review, to liberally construe facts in the existing record, and draw all reasonable inferences therefrom, in favor of the party opposing the motion. *Ray*, 120 Idaho at 119, 814 P.2d at 19. However, the existence of disputed facts will not defeat summary judgment when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to its claim, and on which it will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Garzee v. Barkley*, 121 Idaho 771, 828 P.2d 334 (Ct. App.1992). In such a situation, there can be no "genuine issue of material fact," since the failure of proof concerning an essential element of the plaintiff's case nec-

essarily renders all other facts immaterial. *See Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552.

### I.

We first turn to Barab's allegations that the Plumleighs are liable for the negligent design and construction of the stove. Ordinarily, a personal injury action is timely filed if it is commenced within two years of the date the injury occurs. *See* I.C. § 5–219. However, the Idaho legislature has enacted a statute further limiting the period for bringing actions arising out of the design or improvement to real property. *See* I.C. § 5–241. Specifically, I.C. § 5–241(a)[1] provides that a tort action "against any person by reason of his having performed or furnished the design, planning, supervision or construction of an improvement to real property" shall accrue no later than six years from the "final completion of construction" of such improvement. Thus, under these two statutes, a personal injury action founded upon the negligent design or construction of an improvement to real property must be brought within two years of the injuries, and in no event later than eight years following the completion of construction. I.C. §§ 5–219(4) *and* 5–241; *Stephens v. Stearns,* 106 Idaho 249, 254, 678 P.2d 41, 46 (1984); *Twin Falls Clinic & Hospital Bldg. v. Hamill,* 103 Idaho 19, 644 P.2d 341 (1982).

Here, Barab's action, filed on June 28, 1990, was commenced within two years of the injuries she sustained on April 9, 1990. However, her claim for negligent design and construction nonetheless is barred by the eight-year period of repose if the "final completion of construction" of the stove occurred before June 28, 1982. The Plumleighs maintain that Barab's claim is barred because the offending improvement was completely constructed by early February, 1982. To support their

position, they cite to the undisputed facts in the record showing that the stove's log-lighter apparatus, including its external valve, were installed in the wood stove prior to that time. In response, Barab argues that her action is timely because the log-lighter system was not "finally completed" until the propane tank was delivered, attached and filled with propane gas, which admittedly did not happen until July, 1982, less than eight years before she filed her complaint. We agree with the Plumleighs. Obviously, the fueling of the propane system was essential for the stove's log-lighter device to actually function. However, the statute is triggered by the completion of the improvement's *construction,* not its readiness for actual use as urged by Barab. The record unequivocally demonstrates that the construction of the stove, including the log-lighter device, was completed by early February, 1982, more than eight years before Barab filed her complaint. Accordingly, her claim seeking to hold the Plumleighs liable for the negligent design and construction of the stove is time-barred and properly was dismissed.

### II.

As noted in *Stephens,* the six-year accrual period imposed by I.C. § 5–241 applies in the "narrow setting of an action alleging defective design" or construction, 106 Idaho at 255, 678 P.2d at 47, and thus clearly applies to bar Barab's claim that the Plumleighs *created* the allegedly dangerous condition. However, the statute does not necessarily dispose of Barab's claim against the Plumleighs, as vendors of the property, alleging that they negligently failed to warn her of a known, dangerous condition existing on the property. The Plumleighs contend, however, that this claim nevertheless was properly dismissed because Barab failed to establish the essential elements of

---

1. Idaho Code § 5–241 provides, in part,
   Actions will be deemed to have accrued and the statute of limitations shall begin to run as to actions against any person by reason of his having performed or furnished the design, planning, supervision, or construction of an improvement to real property as follows:

   (a) Tort actions, if not previously accrued, shall accrue and the applicable limitation statute shall begin to run six (6) years after the final completion of construction of such an improvement.

her failure-to-warn claim. Specifically, the Plumleighs assert that the record is devoid of any evidence to show that they knew, or should have known, of the allegedly dangerous condition.

■ The general rule is that the vendor of real property who parts with title, possession, and control of the property is permitted to shift all responsibility for the condition of the land to the purchaser. *Boise Car and Truck Rental Co. v. Waco, Inc.*, 108 Idaho 780, 783, 702 P.2d 818, 821 (1985). Under this rule, known as the doctrine of *caveat emptor*, the vendor is not liable for any harm resulting to the purchaser or others from any defects existing at the time of transfer. PROSSER AND KEETON ON TORTS, § 64, at 446–47 (5th ed. 1984). However, concerns for human safety and the need for improved bargaining ethics have led courts and commentators to recognize limited exceptions to this once universal doctrine.[2] The relevant exception here is that a vendor has a duty to disclose an unreasonably dangerous condition existing on the property. This duty has been described as follows:

> [T]he vendor is under a duty to disclose to the vendee any hidden defects *which he knows or should know may present an unreasonable risk of harm to persons on the premises,* and which he may anticipate that the vendee will not discover. If he fails to give such warnings, he becomes liable for any resulting harm to the vendee, members of his family, or others upon the land in the right of the vendee.

PROSSER AND KEETON ON TORTS, *supra,* at 447 (emphasis added). Similarly, section 353 of the *Restatement (Second) of Torts* instructs that:

> (1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his subvendee for physical harm caused by the condi-

tion after the vendee has taken possession, *if*

> (a) the vendee does not know or have reason to know of the condition or the risk involved, *and*

> (b) *the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved,* and has reason to believe that the vendee will not discover the condition or realize the risk.

RESTATEMENT (SECOND) OF TORTS § 353 (1965) (emphasis added). We note that while neither of these standards has been expressly adopted in Idaho, our Supreme Court has held that a vendor of real property cannot be held liable for failing to warn of an allegedly dangerous condition of which he does not know and of which he could not reasonably know. *See Boise Car and Truck Rental Co.,* 108 Idaho at 785, 702 P.2d at 823.

■ Although there is evidence in the record to indicate that the Plumleighs knew of the stove's propane log-lighter system, there are no facts to support an inference that they knew, or had any reason to know, that the system was defective, or that the condition of the stove presented an unreasonable risk of harm. Their uncontroverted testimony is that they themselves had never used the propane log-starter, but ignited the logs by lighting newspaper and kindling. Nor is there evidence in the record of any problem with the stove or its propane log-starter system occurring prior to the time Barab purchased the home. Absent some proof that the Plumleighs' had knowledge of the danger, Barab cannot establish her claim that the Plumleighs negligently failed to warn her of a known, dangerous condition. Accordingly, we conclude that the district court properly dismissed her claim.

## Conclusion

The district court's order of summary judgment dismissing Barab's complaint against the Plumleighs is affirmed. Costs to the respondents, Laird and Jo Ann Plum-

---

2. *See, e.g., Bethlahmy v. Bechtel,* 91 Idaho 55, 67–68, 415 P.2d 698, 710–11 (1966) (implied warranty of fitness applies in sale by a builder-vendor of a new house).

leigh. No attorney fees on appeal are awarded.

SWANSTROM, J., and McKEE, J., pro tem., concur.