906 P.2d 146

Roy D. KENT and Julia A. Kent, husband and wife, Plaintiffs–Appellants,

v.

FARM BUREAU MUTUAL INSURANCE COMPANY OF IDAHO, Defendant–Respondent.

No. 21839.

Court of Appeals of Idaho.

Nov. 17, 1995.

A. Bruce Larson, Soda Springs, for appellants.

Merrill & Merrill, Pocatello, Boise, for respondent. Kent L. Hawkins argued.

PERRY, Judge.

Roy and Julia Kent sold a house to Barry and Betty Bassett, subject to a deed of trust in favor of the Kents. The Bassetts insured the house with Farm Bureau Mutual Insurance Company and, as required by the deed of trust, listed the Kents as lienholders on the insurance policy. The Bassetts defaulted on the deed of trust and moved from the house. The Kents foreclosed and obtained title to the house in November of 1992. No one moved into the dwelling, however.

Thereafter the pipes and fixtures ruptured due to the cold weather. The Kents made a claim for insurance benefits. That claim was denied by Farm Bureau because the house was vacant and not heated at the time the pipes froze. As a result of the denial of the claim, the Kents restored heat to the premises and contracted with Custom Heating to periodically inspect the house to make sure there were no further incidents of freezing. The Kents paid for the repairs and are not contesting Farm Bureau's denial of this first claim.

In February of 1993, Roy Kent contacted Farm Bureau and discussed the insurance policy. At that time an underwriter told Roy that the insurance coverage would continue until March of that year, but that the company would not renew the policy. After this conversation, but before the coverage terminated, a pipe ruptured due to the cold weather. The Kents filed a claim for damage to the house caused by water from the broken pipe. Farm Bureau refused to pay the claim and the Kents filed suit. Farm Bureau moved for summary judgment. The district court granted Farm Bureau's motion based on its finding that no genuine issue of material fact existed. The Kents appeal. We affirm in part, vacate in part, and remand for further proceedings.

## I.

### ANALYSIS

Summary judgment is proper only when the pleadings, depositions, admissions and affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Moss v. Mid–American Fire and Marine Insurance Co.*, 103 Idaho 298, 302, 647 P.2d 754, 758 (1982). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 876 P.2d 154 (Ct.App. 1994). On appeal from an order granting summary judgment, this Court's standard of review is the same as the standard used by

the trial court in ruling on motions for summary judgment. *Ryan v. Beisner,* 123 Idaho 42, 44, 844 P.2d 24, 26 (Ct.App.1992).

In this case, the parties' dispute turns upon the interpretation of the printed insurance policy. The district court did not find the policy to be ambiguous. Therefore, we must examine the policy provisions to determine if Farm Bureau was entitled to judgment as a matter of law. Insurance policies are a matter of contract between the insurer and the insured. *Brinkman v. Aid Insurance Co.,* 115 Idaho 346, 352, 766 P.2d 1227, 1233 (1988). In the absence of ambiguity, an insurance policy must be construed as any other contract and understood in its plain, ordinary and proper sense, according to the meaning derived from the plain wording of the contract. *Juker v. American Livestock Insurance Co.,* 102 Idaho 644, 645, 637 P.2d 792, 793 (1981); *Bonner County v. Panhandle Rodeo Ass'n, Inc.,* 101 Idaho 772, 776, 620 P.2d 1102, 1106 (1980).

The Kents contend that their loss was covered by any one of four applicable provisions in the insurance policy and that the district court's order granting summary judgment was, therefore, error. Farm Bureau conceded at oral argument that if any of the four provisions of the policy provided coverage that summary judgment would have been improper. We therefore will look at each provision to determine its applicability.

■ First, the Kents allege that the twenty-fifth paragraph of the perils section covers the damage incurred after the pipe ruptured. Paragraph twenty-five is an all-risk provision of the policy, which covers many of the same perils as other portions of the policy, but contains fewer exceptions and limitations. This provision, if it is included within the Kents' insurance contract, may in fact cover the damage incurred by the Kents as a result of the freezing pipe. However, the "general conditions" section at the beginning of the insurance policy clearly states that the insurance is limited to the coverages listed on the declarations page. The declarations page of the insurance policy purchased by the Bassetts indicates that they purchased only the coverage listed in paragraphs one through eighteen. The Kents have no claim to coverage under a provision that the Bassetts did not purchase and for which Farm Bureau has never been paid. The district court properly granted summary judgment to Farm Bureau with respect to the Kents' claim for benefits under paragraph twenty-five of the policy.

■ The Kents next contend that they were insured by Farm Bureau because the policy contained endorsement 372, which provides special rights to mortgagees. However, the Kents' argument regarding the endorsement was not raised before the district court. Issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave,* 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Further, the text of endorsement 372, itself, was not provided to the trial court. In an appeal from an order granting summary judgment, we review the pleadings, depositions, admissions and affidavits on file before the trial court. *Barab v. Plumleigh,* 123 Idaho 890, 892, 853 P.2d 635, 637 (Ct.App.1993). There is no genuine issue of material fact regarding coverage under endorsement 372 based on the record below, and we need not address it further.

■ Third, the Kents claim that paragraph fourteen of the policy provides coverage for the damage to the house. The introduction to the "perils insured" section and paragraph fourteen of that section, when read together, provide:

We cover for direct physical loss to property insured caused by the following perils:

.    .    .    .    .

14. **Accidental discharge or overflow** of water or steam from within a plumbing, heating or air conditioning system or from within a household appliance. We also pay for tearing out and replacing any part of the covered dwelling necessary to repair the system or appliance from which the water or steam escaped.

This peril does **not** include loss:

a. To a **dwelling** caused by continuous or repeated seepage or leakage for more than thirty (30) days;

b. On the **dwelling premises,** if the **dwelling** has been vacant for more than thirty (30) consecutive days immediately

before the loss. A **dwelling** being constructed is not considered vacant;

c.  To the system or appliance from which the water or steam escaped;

d.  Caused by or resulting from freezing; or

e.  On the **dwelling premises** caused by accidental discharge or overflow which occurs off the **dwelling premises.**

The house was vacant, according to the plain meaning of that term, when the pipe froze. Further, the accidental discharge of water was caused by the peril of freezing. Therefore, by the terms of subparagraphs (b) and (d), paragraph fourteen did not provide coverage for the loss suffered by the Kents. Farm Bureau was entitled to judgment as a matter of law. The district court did not err in granting summary judgment to Farm Bureau in this regard.

■ Finally, the Kents argue that paragraph seventeen insures them against the damage to the home. When read in conjunction with the introduction to the perils section, paragraph seventeen provides:

We cover for direct physical loss to property insured caused by the following perils:

.    .    .    .    .

17.  **Freezing of a plumbing, heating or air conditioning** system or of a household appliance.

This peril does **not** include loss on the **dwelling premises** while the **dwelling** is vacant, unoccupied, or being constructed unless you have:

a.  Maintained heat in the building; or

b.  Shut off the water supply and drained the system and appliances of water.

Farm Bureau argues that this provision was intended to provide insurance coverage for the plumbing system which ruptured, but not for any damage to the house itself. However, this reading of the provision evades the plain meaning of the policy. The policy provides coverage for the *insured property* against losses caused by one of the listed perils. The insured property in this case was the house. The seventeenth listed peril is the freezing of a plumbing, heating or air conditioning system. Hence, the policy

insures the house against damage caused by the freezing of a plumbing system. This coverage is limited, if the house is vacant, to situations where the heat was maintained in the building or the water supply was shut off and the system drained.

■ The Kents provided evidence before the district court in support of their claim that physical loss to the insured property, the house, was caused by the freezing of the plumbing system. Further, they provided evidence that although the house was vacant, the heat was being maintained at the time of the incident. In this case the pleadings, deposition, admissions and affidavits before the district court were sufficient to create a genuine issue of material fact as to whether the Kents met the conditions for coverage under subparagraph 17(a). Therefore, we must vacate the district court's award of summary judgment under paragraph seventeen and remand for further proceedings.

The Kents claim that they are entitled to an award of attorney fees pursuant to I.C. § 41–1839. Idaho Code Section 41–1839 provides:

(1) Any insurer issuing any policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the amount justly due under such policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, certificate or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action.

In this case we have not determined that the Kents are entitled to the insurance proceeds. Rather, we find a genuine issue of material fact exists as to their entitlement and that the granting of summary judgment was improper. Hence, an award of attorney fees is not appropriate at this time. If the Kents prevail on remand, however, the dis-

780

trict court may make an award for the attorney fees they incurred in this appeal.

## II.

## CONCLUSION

The Kents advance four provisions of the Bassett insurance contract which they claim provide insurance coverage for the loss they suffered when the pipe ruptured. Paragraph twenty-five, the all-risk provision, was not a part of the insurance policy purchased by the Bassetts under which the Kents made their claim. The applicability of endorsement 372 was not raised in the record below, thus it can not be addressed on appeal. The plain meaning of paragraph fourteen does not provide coverage for the Kents because the house was vacant and the damage was caused by freezing. Paragraph seventeen, however, under a plain reading of the contract, provides coverage for damage to the house caused by freezing in certain situations. The Kents provided sufficient evidence to the court below to create a factual issue of coverage. Therefore, an award of summary judgment in this regard was error. We affirm the district court's award of summary judgment on all theories other than paragraph seventeen. As to paragraph seventeen, we vacate the award of summary judgment and remand the case for further proceedings. Costs, but no attorney fees, are awarded on appeal to appellants, the Kents.

WALTERS, C.J., and LANSING, J., concur.