272 P.2d 292

**BULLOCK**

v.

**JOINT CLASS "A" SCHOOL DIST. NO. 241, IDAHO, ADAMS AND LEWIS COUNTIES et al.**

No. 8128.

Supreme Court of Idaho.
June 16, 1954.

Dee & MacGregor, Grangeville, for appellant.

Paul G. Eimers, Grangeville, for respondents.

TAYLOR, Justice.

The general demurrer of the defendants (respondents) to plaintiff's (appellant's) amended complaint was sustained and judgment entered dismissing the action. This appeal is from that judgment.

The original complaint and the amended complaint, so far as material here, contain the same allegations. Practically the only difference in the two pleadings is that in the amended complaint the plaintiff seeks larger compensatory damages, and in addition alleges and prays for exemplary damages.

Plaintiff alleges that the defendant, Joint Class "A" School District No. 241, Idaho, Adams and Lewis Counties, is regularly organized under the laws of this state; that the defendants Jenny, Bentz, Wright, Asker, and Jentges are the members of the board of trustees of the district; that defendant Dorcey Riggs is the superintendent of schools of the district; that on March 24, 1952, she entered into a contract with the defendant district—a copy of the con-

tract is attached to the complaint—and further as follows:

"That the plaintiff stipulated in writing at the invitation of, and on forms supplied by, the defendant district that she would teach only in the Elk City School, such stipulation being in possession of defendant district; that the above contract of March 24th, 1952 was entered into by plaintiff and defendant subject to said stipulation; that plaintiff taught at the Elk City School during her entire five years of teaching for the defendant district; that she established her home and family at Elk City, County of Idaho, State of Idaho, in reliance upon teaching at the Elk City School.

"That plaintiff, as heretofore stated, entered into a written contract, dated March 24th, 1952, subject to a written stipulation as heretofore set forth; that pursuant to said contract and stipulation the plaintiff made preparations to begin to teach in the Elk City School; that on or about the 8th day of July, 1952, it was intimated and suggested to the plaintiff by defendant Dorcey Riggs, Superintendent of defendant district, that the Board of Trustees of said defendant district would be pleased to have plaintiff teach at the Golden School, Golden, Idaho, (22 miles from Elk City), rather than the Elk City School; that no valid reason was given therefor; that the plaintiff is informed and believes and upon such information and belief alleges the fact to be that defendants were acting under pressure of a small minority group of the Elk City area; that in the latter part of July, 1952, at a conference with the said Dorcey Riggs, the said Dorcey Riggs informed plaintiff to 'sit tight' and that no other teacher had been hired for the Elk City School and that plaintiff was still the teacher at the Elk City School; that school at Elk City would open September 8th, 1952, and as late as September 4th, 1952 plaintiff was still to teach at Elk City; that on or about September 5, 1952, at a conference requested by Dorcey Riggs, defendant district's superintendent, no board meeting being in session the said Dorcey Riggs, not acting on written instructions or minute entry of said board, or any apparent authority of said board, the said Dorcey Riggs ordered and demanded that plaintiff teach at the Golden School in lieu of the Elk City School; that upon plaintiff's refusal to accede to his demand the said Dorcey Riggs endeavored to persuade and coerce plaintiff to teach at the said Golden School by stating directly to plaintiff in a threatening and menacing manner that he would take any steps, legal or otherwise, to break said contract unless plaintiff complied with his demands;·

that the said Dorcey Riggs purported to advise plaintiff that she had no legal recourse or rights in the matter; that the said defendant Dorcey Riggs advised plaintiff that if she would make no trouble and quietly 'slide out', that defendants would 'overlook' her opposition, but if not, they would 'harm' her teacher's certificate and the said defendant Dorcey Riggs stated to plaintiff that in such case they would see that she never taught in the State of Idaho again; plaintiff refused to teach at the Golden School on the grounds that she was hired to teach at the Elk City School.

"Pursuant to plaintiff's refusal, the Board of Trustees of defendant district, on September 29, 1952, cited plaintiff before said board, and giving and showing no adequate reason for the transfer of the plaintiff from the Elk City School to the Golden School, and taking and receiving no testimony, said board proceeded to discharge plaintiff; that the said Board of Trustees acted capriciously, arbitrarily, maliciously and without just cause and reason in breaking and breaching plaintiff's contract and stipulation with the defendant district; that no valid reason was ever given plaintiff by the said Board of Trustees or the said Dorcey Riggs for the said transfer or discharge and that the plaintiff is informed and believes and upon such information and belief alleges the fact to be that defendants were acting under pressure of a small minority group of the Elk City area.

"That the plaintiff is now, and always has been, ready to carry out the terms of her contract and stipulation with defendant district; that plaintiff had no reasonable way to apply her avocation within the Elk City area where she was settled with her family and her home."

The contract attached to the complaint contains the following provision:

"The Teacher agrees to enter upon and perform the services of a teacher at the time and the places and for the duration prescribed by the District; * * *"

Defendants, by their demurrer to the original complaint, charged that the complaint is ambiguous, unintelligible and uncertain because of the failure of the plaintiff to allege the date or time of the "stipulation."

The final order sustaining demurrer and dismissing the action recites that at the time the demurrer came on for hearing in open court:

"* * * plaintiff's attorney gave notice that he elected to proceed with plaintiff's complaint on the theory of tort, and not on the theory of breach of contract. Subsequent to oral argument on said Demurrer and Motion,

plaintiff was granted leave to amend her complaint, which was thereafter done. A Demurrer and another Motion to Strike, both directed at the Amended Complaint, were filed on behalf of all of the defendants, and thereafter, at Chambers at Grangeville, Idaho, attorneys for plaintiff and defendants agreed in the presence of the court that their previous oral arguments covered the matters of law in the issue as presented by the Amended Complaint, and the Demurrer and the Motion to Strike directed thereto. Counsel further agreed that the issue would be presented upon written briefs, which thereafter were presented to the court."

Appellant complains of the recital that her attorney gave notice of his election to proceed with her complaint upon the theory of tort, on the ground that the record does not show such an election nor any necessity for an election. Appellant, by her praecipe, did not make the minutes of the district court a part of the record before us. Hence, what the record may show as to the fact of such election or the necessity therefor is not before us. Assuming the recital was not correct, the record contains nothing to indicate appellant took any steps to have it corrected. The verity of the trial court's records cannot be thus so lightly challenged.

In addition to a general demurrer, the defendants also demurred specially, pleading that for want of allegations as to the time and circumstances of the making of the stipulation, the complaint is unintelligible and uncertain, and it cannot be determined therefrom whether the stipulation is a material part of the contract, or what is meant by the term "stipulation", or whether the complaint is based upon a breach of contract, or upon the violation of some duty owed by defendants to the plaintiff.

The court sustained the demurrer upon all grounds alleged. The ruling on the special demurrer was correct. If we assume that the stipulation was written by the plaintiff in her application for the position of teacher, and she thereafter accepted the contract, containing the provision that she agreed to teach at the places prescribed by the district, then the "stipulation" contained in her offer was waived and withdrawn by her acceptance of the counter offer contained in the contract presented to her by the district.

If the stipulation was made by her after the contract was entered into, then she must allege that it was accepted and agreed to by the district and the contract to that extent modified. Milner v. Earl Fruit Co., 40 Idaho 339, 232 P. 581; Miller v. Belknap, 75 Idaho 46, 266 P.2d 662; 17 C.J.S., Contracts, § 535 i.

As it stands, the complaint is unintelligible and uncertain as to the force or effect or materiality of the so-called "stipulation." For want of essential allega-

tions, it cannot be regarded as a part of the contract.

Defendants also specially demur on the ground of misjoinder of parties defendant. In view of the uncertainty as to whether the action is for breach of contract or in tort for wrongfully inducing a breach of contract, or wrongful interference with contract rights of plaintiff, the question of misjoinder is somewhat obscure. If the action was upon the contract for a breach thereof, the district would be a necessary party defendant. Its officers in their official capacity would probably be proper, although not necessary, parties. Whereas, if the action were in tort for wrongful invasion of plaintiff's contract rights by the named defendants as individuals, the district would not be a proper party. §§ 5–606, 5–607, I.C.

■ Preliminary to a consideration of the issue raised by the general demurrer, some fundamental propositions are pertinent. By our constitution the legislature is charged with the duty "to establish and maintain a general, uniform and thorough system of public, free common schools." Art. 9, § 1, Idaho Constitution. The defendant district, organized under the laws enacted by the legislature in pursuance of this constitutional mandate, is an agency of the state. Independent School Dists. v. Common School Dist. 1, 56 Idaho 426, 55 P. 2d 144, 105 A.L.R. 1267. Its board of trustees, while acting within the scope of the authority conferred by law, performs a governmental function for the state. It is generally held that a school district is not liable for torts committed by its trustees or employees. Weist v. School Dist. No. 24, 68 Or. 474, 137 P. 749, 49 L.R.A.,N.S., 1026; 78 C.J.S., Schools and School Districts, § 320 a; 47 Am.Jur., Schools, § 56. It is also generally held that the trustees or other governing officers of a school district, in the absence of a statute imposing liability, are not personally liable for tort occurring while they are in good faith acting in their official capacity, and within the scope of their authority, and especially in matters involving their official judgment or discretion. 160 A.L.R. 7, Annotation; 78 C.J.S., Schools and School Districts, §§ 129, 210, pp. 923, 1115; 43 Am.Jur., Public Officers, § 273; 47 Am.Jur., Schools, §§ 44, 60.

■ The allegations of the complaint show there was no breach of the contract by the school district. The district and its officers acted in conformity with the contract in requesting plaintiff to teach at the Golden School. Her refusal to do so was a breach of the contract on her part and constituted legal ground for the board to discharge her. The pleading, therefore, negatives any cause of action against the school district or its officers on the theory of breach of contract. This appears to be in harmony with plaintiff's position. In her first assignment she says the trial court erred "in failing to recognize that the basis of the action against the de-

fendants was for a malicious interference and wrongful repudiation of plaintiff's contract and thus sounded in tort." Yet plaintiff pleads breach of contract in the form of a conclusion, and has made the district itself a party defendant.

■ Considering the pleading as one in tort against the officers of the district individually, for wrongful invasion of the plaintiff's contract rights, it is difficult to understand how their official acts, clearly within the scope of their authority, and involving their official judgment and discretion, can by any process of reasoning be considered a wrongful invasion of plaintiff's rights under the contract. The contract gave plaintiff no right to choose the school in which she would teach. That was expressly left to the judgment, discretion and direction of the governing officers of the district. Hence no contract right of the plaintiff was violated, interfered with, or denied. True, the plaintiff alleges that the trustees acted capriciously, arbitrarily, maliciously and without just cause or reason. But no facts are alleged which would support that charge. Standing alone, it is a mere conclusion. Caverno v. Fellows, 286 Mass. 440, 190 N.E. 739. The same is true of the charge (alleged on information and belief) that they acted under pressure of a small minority group of the Elk City area. Without more, it will be presumed that the trustees properly exercised their discretion and acted in the interests of the school district, even though they may have adopted the view of a minority.

Considering the complaint as against the superintendent Riggs, in certain types of tort actions a distinction is made as to liability, between the governing officers or trustees of a school district and its teachers or other employees. We note this distinction only for the record. It does not appear to be important here.

■ It appears from the complaint that Riggs, as superintendent, was the intermediary between the plaintiff and the board. It is alleged that after Riggs informed plaintiff the board wished her to teach at Golden, and in turn demanded that she comply; and, following her refusal, she was summoned before the board and there discharged. From this it appears that Riggs was acting under the direction of the board, or at least with its full approval. Thus he was acting in his official capacity and within his authority. As to the allegation that he stated "to plaintiff in a threatening or menacing manner that he would take any steps, legal or otherwise, to break said contract unless plaintiff complied with his demands", it appears that he was threatening to do only that which the contract authorized the district to do. There is no allegation that he did any wrongful or illegal act in order to accomplish the termination of the contract. The allegation of a threat by Riggs that "they would 'harm' her teacher's certificate", and "they would

313

see that she never taught in the State of Idaho again", seems to be a wholly extraneous matter. If we regard it as a threat made to accomplish a violation of plaintiff's rights under the contract, it is at once apparent that plaintiff suffered no injury therefrom, because she further alleges that following the threat, she refused to teach at Golden. Thus the threat did not influence her to act in a manner contrary to what she claims was her right under the contract. If it be regarded as a threat to injure plaintiff generally, or particularly with reference to her rights as a holder of a teacher's certificate, there are no allegations of any act or thing done either by Riggs, or any member of the board, to carry out such threat with resulting injury to the plaintiff.

The facts, in Caverno v. Fellows, 300 Mass. 331, 15 N.E.2d 483, are in some respects analogous to the facts here. The principles of law invoked in that case, as to personal liability of school officials, are applicable in this case.

We conclude that the general demurrer was properly sustained. Other authorities supporting this conclusion are: Boyson v. Thorn, 1893, 98 Cal. 578, 33 P. 492, 21 L.R.A. 233; Imperial Ice Co. v. Rossier, 18 Cal. 2d 33, 112 P.2d 631; Speegle v. Board of Fire Underwriters, 29 Cal.2d 34, 172 P.2d 867; Masoni v. Board of Trade of San Francisco, 119 Cal.App.2d 738, 260 P.2d 205; Ross v. Wright, 286 Mass. 269, 190 N. E. 514, 98 A.L.R. 468; 84 A.L.R. 43, Anno-

tation; 26 A.L.R.2d 1227, Annotation; 62 C.J., Torts, § 20, p. 1104; Charles E. Carpenter, Interference with Contract Relations, 41 Harvard Law Review, 728; Am. L.I. Restatement of the Law, 4 Torts, §§ 766, 767, 770 and 773.

The judgment is affirmed. Costs to respondents.

PORTER, C. J., and GIVENS, THOMAS and KEETON, JJ., concur.