814 P.2d 17

Thomas M. RAY, Plaintiff–Appellant,

v.

NAMPA SCHOOL DISTRICT #131, a body corporate and politic of the State of Idaho; Stevenson Youngerman, individually and in his official capacity as the Superintendent of Schools, Nampa School District #131; Bill Barnard and Russ Brummett each individually and in his official capacity as an employee or agent of the Nampa School District #131, Defendants–Respondents.

No. 18196.

Supreme Court of Idaho, Boise, December 1990 Term.

June 12, 1991.

Brian N. Donesley, Boise, for plaintiff-appellant.

Imhoff & Lynch, Boise, for defendants-respondents.  James B. Lynch, argued.

BOYLE, Justice.

In this case we are called upon to determine whether Thomas Ray had an employment contract with the Nampa School District and whether his due process rights were violated when his employment as a maintenance electrician with the School District was terminated.

## FACTS

Appellant Ray was hired on May 21, 1984 by the School District as a maintenance electrician.  He was given a Maintenance Employee's Handbook of Employment Conditions and required to sign for its receipt. Ray was paid by the hour and required to do electrical maintenance work as well as other miscellaneous jobs assigned by his supervisor, Russ Brummett.  When Ray applied for the position his primary interest was job security.  He was told by Brummett and Barnard that as long as he "kept his nose clean" he would have a job with the school district.  During the course of his employment with the school district Ray was provided with two letters of recommendation by respondent Brummett.

On October 31, 1985, Ray's employment with the school district was terminated. Appellant Ray was informed of the school district's decision to terminate his employment by Brummett.  Subsequently, Ray received a letter from respondent Barnard, the Director of Services for the school dis-

trict which explained that his termination was due to budget considerations. However, Barnard testified in his deposition that Ray was not a desirable employee and that the termination was for other reasons, including Barnard's belief that Ray circumvented Barnard's authority by seeking a raise directly from the superintendent, stole carpet from the maintenance department, ran an electrical contracting business which depended in part on his use of school district materials, and Ray's constant complaints about doing non-electrical work.

During his employment with the school district Ray was accused and criminally charged with sexually abusing his daughter. Although his supervisors told him that it would not affect his employment so long as it did not become public knowledge, he was later allegedly told by Brummett that he was being terminated because of the allegations. The criminal allegations were subsequently dismissed by the state.

Four other employees also were terminated simultaneously with Ray on October 31, 1985, however, the other four employees were subsequently rehired and did not lose any work days.

Ray filed this action in district court on October 21, 1987, alleging breach of employment contract, breach of covenant of good faith and fair dealing, and a violation of 42 U.S.C. § 1983, for denying him his property interests in an arbitrary and capricious manner without substantive and procedural due process.

On June 16, 1989, the district court granted respondents' motion for summary judgment. In its order granting summary judgment the district court determined that 1) Ray was not terminated in derogation of public policy, 2) there was no breach of any covenant of good faith and fair dealing, 3) that even if a contract existed it was void because of Idaho Constitution art. 8, § 3, and as a result Ray was an at-will employee, and 4) that no cause of action existed under 42 U.S.C. § 1983, for at-will employees.

I.

*Standard of Review for Summary Judgment*

On a motion for summary judgment we will review "the pleadings, depositions, and admissions on file, together with the affidavits, if any, to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c); *Rawson v. United Steelworkers of Am.*, 111 Idaho 630, 726 P.2d 742 (1986); *Schaefer v. Elswood Trailer Sales*, 95 Idaho 654, 516 P.2d 1168 (1973). Standards applicable to summary judgment require the district court and Supreme Court upon review, to liberally construe facts in the existing record in favor of the party opposing the motion, and to draw all reasonable inferences from the record in favor of the non-moving party. *Tusch Enters. v. Coffin*, 113 Idaho 37, 740 P.2d 1022 (1987); *Doe v. Durtschi*, 110 Idaho 466, 716 P.2d 1238 (1986); *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982); *Kline v. Clinton*, 103 Idaho 116, 645 P.2d 350 (1982); *Palmer v. Idaho Bank & Trust of Kooskia*, 100 Idaho 642, 603 P.2d 597 (1979). If the record contains conflicting inferences or reasonable minds might reach different conclusions, a summary judgment must be denied. *Kline v. Clinton*, 103 Idaho 116, 645 P.2d 350 (1982); *Farmers Ins. Co. of Idaho v. Brown*, 97 Idaho 380, 544 P.2d 1150 (1976); *Stewart v. Hood Corp.*, 95 Idaho 198, 506 P.2d 95 (1973); *Lundy v. Hazen*, 90 Idaho 323, 411 P.2d 768 (1966).

II.

*Employment Contract*

In this case Ray contends that the facts viewed in a light most favorable to him show that a contract of employment existed between him and the school district and that he was wrongfully terminated. The district court acknowledged that the existence of an employment contract would be a jury issue, *Watson v. Idaho Falls Consol. Hosp.*, 111 Idaho 44, 720 P.2d 632 (1986), however, it determined that if a contract existed between Ray and the school district it would be illegal and in

violation of Idaho Constitution art. 8, § 3.[1] The district court found that this section of the Constitution restricted the ability of the school district to incur an indebtedness beyond its current budget year. Since the alleged employment contract with Ray would extend beyond the current budget year, the district court held that any employment contract would be void and that Ray was therefore an employee-at-will.

■ Although it may be argued that Idaho Constitution art. 8, § 3 may be interpreted to disallow employment contracts for more than one year, we have held the ordinary and necessary expenditures exception of the Idaho Constitution applies to the salaries of city officers and employees, *Butler v. Lewiston*, 11 Idaho 393, 83 P. 234 (1905), as well as to the costs of employing school teachers. *Corum v. Common School Dist.*, 55 Idaho 725, 47 P.2d 889 (1935). In *Hanson v. City of Idaho Falls*, 92 Idaho 512, 446 P.2d 634 (1968), we held that the establishment of a policeman's retirement fund was within the ordinary and necessary proviso, and that it was merely an extension of the city's compensation scheme. We conclude that it is equally clear that the wages paid for a maintenance electrician to perform continuing work for a school district also falls under the ordinary and necessary expenditures exception. Thus, the annual limitation on contracts of Idaho Constitution art. 8, § 3 does not apply to the facts of this action. We hold that the school district may contract with an employee for more than one year and such a contract may be valid and enforceable if it meets the necessary requirements for an employment contract.

## III.

### *At–Will Employee*

■ When employment is at the will of either the employer or employee, the employment relationship may be terminated at any time for any or no reason which does not violate public policy without incurring liability, except or unless an employee is hired pursuant to a contract which specifies the duration of the employment or limits the reasons for which an employee may be discharged. *Watson v. Idaho Falls Consol. Hosp.*, 111 Idaho 44, 720 P.2d 632 (1986); *MacNeil v. Minidoka Memorial Hosp.*, 108 Idaho 588, 701 P.2d 208 (1985); *Jackson v. Minidoka Irrigation Dist.*, 98 Idaho 330, 563 P.2d 54 (1977). In *Harkness v. City of Burley*, 110 Idaho 353, 715 P.2d 1283 (1986), we held that an employee handbook can constitute an element of the employment contract and that "at a minimum this was a question of fact for the jury to decide." *Id.* 110 Idaho at 359, 715 P.2d at 1289. It is also well established that a contract for employment may be either express or implied. *Id.* 110 Idaho at 356, 715 P.2d at 1286, citing *Clements v. Jungert*, 90 Idaho 143, 153, 408 P.2d 810, 815 (1965). In *Sorenson v. Comm Tek, Inc.*, 118 Idaho 664, 799 P.2d 70 (1990), we stated:

A limitation may be implied if, from all the circumstances surrounding the employment relationship, a reasonable person could conclude that both parties intended that the employer's (or the employee's) right to terminate the employment relationship-at-will had been limited by the implied-in-fact agreement of the parties.

*Id.* 118 Idaho at 666, 799 P.2d at 72, *citing Metcalf v. Intermountain Gas Co.*, 116 Idaho 622, 624, 778 P.2d 744, 746 (1989).

■ Although it is undisputed that the alleged contract of employment in the instant case did not create a specified duration for the employment, our review of the record persuades us that a factual question remains to be determined as to whether the employee handbook together with comments allegedly made by various school district officials that Ray would not be terminated "as long as he kept his nose

---

1. The pertinent portions of art. 8, § 3 provide:
   **§ 3. Limitations on county and municipal indebtedness.**—No county, city, board of education, or school district, or other subdivision of the state, shall incur any indebtedness, or liability, in any manner, or for any purpose, without the assent of two thirds (⅔) of the qualified electors thereof voting at an election to be held for that purpose,....

clean" create a genuine issue of material fact as to whether an implied employment contract exists between the parties. Viewing the facts in light most favorable to Ray indicates that genuine issues of material fact exist as to whether the employment was that of at-will employee. Therefore, we reverse and vacate the district court's order granting summary judgment on this issue.

## IV.

### Termination of Employment—Public Policy

Appellant Ray asserts that even if he was an at-will employee, the school district violated public policy by terminating his employment. Ray argues that his termination occurred because he reported several electrical and building code violations to the state inspector and that the arbitrariness of his termination violates the public policy of Idaho as set forth in I.C. § 72–1302.[2]

■ Even when an employee is an at-will employee the employer cannot exercise his right to discharge that employee when the motivation for doing so violates or contravenes public policy. *MacNeil v. Minidoka Memorial Hosp.*, 108 Idaho 588, 701 P.2d 208 (1985); *Jackson v. Minidoka Irrigation Dist.*, 98 Idaho 330, 563 P.2d 54 (1977).

■ Although the district court noted that Ray reported the safety violations more than a year before his employment was terminated, appellant has submitted affidavits and deposition testimony sufficient to raise genuine issues of material fact on this issue. We have held that in order to survive a motion for summary judgment the defending party must present more than mere allegations, *Brown v. Matthews Mortuary*, 118 Idaho 830, 801 P.2d 37 (1990). *See e.g. Bullock v. Joint Class "A" School Dist. No. 241, Idaho, Adams & Lewis Counties*, 75 Idaho 304, 272 P.2d 292 (1954) (allegations of complaint were insufficient as mere conclusions in absence of any facts supporting such charges); *Ayers v. General Hosp.*, 67 Idaho 430, 182 P.2d 958 (1947). Additionally, the alleged facts must present more than a mere scintilla of evidence supporting the defending party's position. *G & M Farms v. Funk Irrigation*, 119 Idaho 514, 808 P.2d 851 (1991); *R.G. Nelson, A.I.A. v. Steer*, 118 Idaho 409, 797 P.2d 117 (1990). In this case Ray's affidavit states that he learned his employment was terminated because he had reported certain safety code violations to the state electrical engineer. In addition, the deposition of William Barnard states that Ray was fired because he had "made contact with the state electrical engineer." These sworn statements raise genuine issues of material fact and are sufficient to prevent entry of summary judgment. A careful review of the record satisfies us that reasonable minds could come to different conclusions concerning the reason Ray was fired. Accordingly, we reverse and vacate the district court's order granting

---

**2.** I.C. § 72–1302 provides:

**Declaration of state public policy.**—(a) As a guide to the interpretation and application of this act, the public policy of this state is declared to be as follows: Economic insecurity due to unemployment is a serious menace to the health, morals and welfare of the people of this state. Involuntary unemployment is therefore a subject of national and state interest and concern which requires appropriate action to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his family. The achievement of social security requires protection against this greatest hazard of our economic life. This can be provided by encouraging employers to provide more stable employment and by the systematic accumulation of funds during periods of employment to provide benefits for periods of unemployment, thus maintaining purchasing power and limiting the serious social consequences of poor relief assistance. The legislature, therefore, declares that, in its considered judgment, the public good, and the general welfare of the citizens of this state require the enactment of this measure, under the police powers of the state, and for the compulsory setting aside of unemployment reserves to be used for the benefits of persons unemployed through no fault of their own.

(b) This law is enacted for the purpose of securing for this state the maximum benefits of the Act of Congress, approved August 14, 1935, known as the "Social Security Act," as amended, and to enable the workmen of Idaho to benefit from the provisions of said act.

summary judgment on this issue and remand for trial.

■ However, we conclude that Ray's claim based on I.C. § 72–1302 that the school district violated public policy in terminating him is without merit. We agree with the district court that while this language may be an expression of legislative policy, it does not rise to the level of a statement of public policy which would prevent an employer from discharging an employee at will.

## V.

### Implied Covenant of Good Faith and Fair Dealing

■ Ray claims that the school district breached its implied covenant of good faith and fair dealing when it terminated his employment contract. In *Metcalf v. Intermountain Gas Co.*, 116 Idaho 622, 778 P.2d 744 (1989), we adopted the view that a covenant of implied good faith and fair dealing existed in employment contracts and that breach of that covenant allowed recovery under principles of contract law. We stated:

> [W]e conclude that any action by either party which violates, nullifies or significantly impairs any benefit of the employment contract is a violation of the implied-in-law covenant of good faith and fair dealing which we adopt today.

*Id.* 116 Idaho at 628, 778 P.2d at 750. However, we stated in *Metcalf* that our adoption of this implied covenant of good faith and fair dealing in employment contracts would only apply prospectively. In *Sorenson v. Comm Tek, Inc.*, 118 Idaho 664, 799 P.2d 70 (1990), a unanimous Court held that the implied covenant of good faith and fair dealing adopted in *Metcalf* "should be applied to all cases which had been filed at the time that the *Metcalf* opinion was issued on August 8, 1989." Appellant's complaint in the instant action was filed on October 21, 1987, and the notice of appeal was filed on July 19, 1989, which was prior to our decision in *Sorenson v. Comm Tek*. Therefore, in accordance with our ruling in *Sorenson* the district court's order grant-

ing summary judgment on Ray's claim of a breach of the implied covenant of good faith is vacated.

## VI.

### Civil Rights Claims

■ Ray claims that even though he does not have a formal written employment contract, the facts of this case create an employment property interest and that his due process rights were violated when he was terminated by the school district. In *Harkness v. City of Burley*, 110 Idaho 353, 715 P.2d 1283 (1986), we applied the United States Supreme Court's ruling in *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), that public employees who have more than a mere hope of continued employment have a property interest in their employment and they are entitled to minimal due process rights when that employment is terminated. In this case we have determined that a genuine issue of material fact exists as to whether an employment contract exists. Accordingly, a genuine issue of material fact sufficient to withstand entry of summary judgment also exists as to whether Ray has a property interest in his employment as well as whether his due process rights were violated when that employment was terminated. Therefore, we reverse and vacate the district court's order regarding Ray's due process rights and remand for trial on this issue.

## VII.

### Conclusion

We have reviewed all of the pleadings, affidavits and depositions on file and conclude that genuine issues of material fact exist with regard to appellant's claims that an employment contract exists between him and the school district and whether or not the school district violated public policy when it terminated Ray. We also conclude that there remains a genuine issue of material fact with regard to Ray's claim that his due process rights were violated when his employment was terminated. The rule we announced in *Metcalf v. Intermountain*

*Gas Co.,* 116 Idaho 622, 778 P.2d 744 (1989), was not intended to be applied retroactively; however, as we held in *Sorenson v. Comm Tek, Inc.,* 118 Idaho 664, 799 P.2d 70 (1990), that rule would apply to all cases which had been filed at the time of decision. Since this action was filed and the appeal was pending at the time of the *Sorenson* decision, the summary judgment order on this issue must also be reversed, vacated and remanded for further proceedings.

The district court's order granting summary judgment for respondents on all of appellant's claims, except that based on I.C. § 72–1302, is reversed and remanded for further proceedings.

Costs to appellant. No fees awarded.

BAKES, C.J., and BISTLINE, JOHNSON and McDEVITT, JJ. concur.