867 P.2d 975

Richard A. BLANKENSHIP, and Deborah J. Blankenship, husband and wife, natural parents of Justin J. Blankenship, deceased, Plaintiffs–Appellants,

v.

KOOTENAI COUNTY, Kootenai County Clerk, Kootenai County Bailiff and/or Bailiffs, Defendants–Respondents,

and

The State of Idaho, Defendant.

No. 20035.

Supreme Court of Idaho,
Coeur d'Alene, Oct. 1993 Term.

Jan. 14, 1994.

**102**

Aherin & Rice, P.A., Lewiston, for appellant. Darrell W. Aherin argued.

Hamlin & Sasser, P.A., Boise, for respondents. James D. Carlson argued.

TROUT, Justice.

This appeal is brought by the Blankenships from a summary judgment entered in favor of Kootenai County. This appeal arose from an unfortunate incident where personal mementoes of Justin Blankenship, the appellants' deceased son, were destroyed following a wrongful death trial brought by the Blankenships. The Blankenships filed suit against the State and County for the alleged negligent destruction of the exhibits. The district court ruled, based upon uncontroverted facts, that as a matter of law Kootenai County could not be responsible for the alleged negligent acts of the deputy county clerks or bailiffs for the destruction of exhibits. The district court held that the deputy clerks and bailiffs were under the control of the district court administrative judge while destroying the exhibits; therefore, they were State employees for purposes of imposing liability

upon a governmental entity under the Idaho Tort Claims Act. We agree.

## BACKGROUND

The facts as alleged by the Blankenships indicate that in September, 1990, a verdict was rendered for the defense in the wrongful death suit brought by the Blankenships after the death of their son Justin. Prior to the expiration of the time to appeal, the Kootenai County Clerk of Court mailed the Blankenships a notice that the exhibits would be destroyed two weeks after the time to appeal expired, February 21, 1990. On February 7, 1990, the Blankenships filed a notice of appeal to the Idaho Supreme Court, which should have preserved the exhibits for appeal. However, the deputy county clerk only made a notation that the case had been appealed on the original notice of intent to destroy exhibits located in the court file. Unfortunately, the exhibits were kept under the evidence officer's control in a separate location from the file. As a result of this arrangement, when the Blankenships notified the district court of the appeal, an annotation was made in the file, but no annotation was made on the evidence officer's work list of exhibits to be destroyed. The evidence officer was unaware the case had been appealed and the exhibits were thought to have been unclaimed and were destroyed.

The State, County, and Blankenships moved for summary judgment. The following court officers signed affidavits that were offered by the County in support of its motion and were not rebutted by the State or the Blankenships: Diana Meyer, the court's services director, Richard Gerhard (retired), the court's evidence officer, and Sandra Hosfeld, the court's deputy clerk, all filed affidavits stating that while they perform clerical duties for the district court they are under the supervision of the administrative district court judge, and act under the judge's control. Further, they all stated that the destruction of evidence is a clerical function of the district court.

## I.

## STANDARD OF REVIEW

In reviewing a motion for summary judgment we will review "the pleadings, deposi-

tions, and admissions on file, together with the affidavits, if any, to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c); *Ray v. Nampa School Dist. No. 131*, 120 Idaho 117, 814 P.2d 17 (1991). Standards applicable to summary judgment require the district court and Supreme Court on review to construe facts liberally in the existing record in favor of the party opposing the motion, and to draw all reasonable inferences from the record in favor of the nonmoving party. *Ray*, 120 Idaho at 119, 814 P.2d at 19.

## II.

## THE KOOTENAI COUNTY COURT CLERK, DEPUTY CLERK AND BAILIFFS WERE EMPLOYEES OF THE STATE FOR PURPOSES OF THE IDAHO TORT CLAIMS ACT

█ The Blankenships argue that the County and State were joint employers and were both liable for the alleged negligent acts of the court officers. A governmental entity may be held liable for the negligent acts of its employees acting within their scope of employment. I.C. § 6–904. For a governmental entity to be held liable the actor must fit the description of an employee within the terms of the statute. I.C. § 6–904. I.C. § 6–902(4) defines an "employee" for the purpose of the statute:

> "Employee" means an officer, employee, or servant of a governmental entity, including elected or appointed officials, and persons acting on behalf of the governmental entity in any official capacity, temporarily or permanently ..., whether with or without compensation, but the term employee shall not mean a person or other legal entity while acting in the capacity of an independent contractor under contract to the governmental entity....

█ An employee is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the service is subject to the other's control. *Jones v. Idaho Lumber, Inc.*, 81 Idaho 460, 469, 346 P.2d 1057, 1062

(1959); *Cloughley v. Orange Transportation Co.*, 80 Idaho 226, 235, 327 P.2d 369, 375 (1958). "Control" is the key to determining whether an actor is an "employee," given the work the actor is performing. *Van Vranken v. Fence–Craft*, 91 Idaho 742, 430 P.2d 488 (1967).

█ The administrative judge's duty is to supervise the clerks and bailiffs in their performance of clerical functions performed for the court. I.C. § 1–907. The clerk of the district court is a judicial officer while performing judicial clerical duties for the court. *Estep v. Comm'rs of Boundary County*, 122 Idaho 345, 834 P.2d 862 (1992); *Crooks v. Maynard*, 112 Idaho 312, 732 P.2d 281 (1987). While performing clerical judicial functions for the court, the deputy clerks and bailiffs are subject to the control and direction of the administrative court judge. *Id.*, 112 Idaho at 317, 732 P.2d at 286. The destruction of evidence is a clerical function of the court and must be performed by order of the administrative court judge. I.C.A.R. 37.

The evidence officer stated in his affidavit that he was directed by the administrative judge to organize evidence in the civil division and part of the organization effort involved destruction of evidence. The administrative judge directed his duties as evidence officer and told him how to perform those duties. Further, his job performance was reviewed by the administrative judge. Similarly, the court services director stated in her affidavit that the administrative judge exercised supervisory control over the district court clerks regarding the clerical functions of the court. She stated that the destruction of evidence is a clerical duty of the court supervised, directed, and controlled by the administrative judge. In addition, the deputy clerk stated in her affidavit that she reviewed the list of inventoried exhibits and wrote the notice of intent to destroy the exhibits to the Blankenships. She stated that her actions were part of her clerical duties supervised, directed, and controlled by the administrative judge.

Bearing in mind the proper standard of review, the uncontroverted evidence as established by the affidavits leads to the ines-

capable conclusion that the administrative judge of the district court, rather than any county official, was the supervisor and controlled the deputy clerks of the court, evidence officer, and bailiffs while performing their judicial clerical functions in the handling and destruction of exhibits. There are no genuine issues of material fact left as to who controlled the clerks' and bailiffs' actions while destroying exhibits. Therefore, they met the definition of employees of the State of Idaho for the purposes of the Tort Claims Act with respect to the destruction of the exhibits in question. We affirm the district court's decision on summary judgment.

### III.

### THE ORDER DENYING BLANKENSHIPS' MOTION FOR SUMMARY JUDGMENT IS NOT A FINAL JUDGMENT AND NOT APPEALABLE TO THIS COURT

The Blankenships also appealed the district court's decision not to grant their motion for summary judgment as to liability. However, the denial of a motion for summary judgment is not a final judgment and not properly appealable to this Court. I.A.R. 11; see *Walker v. Shoshone County*, 112 Idaho 991, 739 P.2d 290 (1987). Therefore, the arguments will not be considered at this time by the Court.

### CONCLUSION

We agree with the district court that there are no genuine issues of material fact as to who controlled the court officers' activities in relation to the destruction of evidence, and that they were State employees for the purpose of imposing liability for the alleged negligent destruction of evidence under the Idaho Tort Claims Act. The district court decision on summary judgment is therefore affirmed. Costs are awarded to the respondent. No attorney fees to either party.

McDEVITT, C.J., and BISTLINE, JOHNSON and SILAK, JJ. concur.