26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary E. WALLIS, husband; Carol Wallis, wife, Plaintiffs-Appellants,
v.
J.R. SIMPLOT COMPANY, Defendant-Appellee.
 No. 92-36759.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1994.
Decided May 26, 1994.
 
 1
 Before: CANBY and T.G. NELSON, Circuit Judges, and SHUBB,* District Judge.
 
 
 2
 MEMORANDUM**
 
 I.
 OVERVIEW
 
 3
 Because the parties are familiar with the facts, we do not restate them in this disposition which resolves Wallis' state law claims of breach of an implied-in-fact contract, breach of an implied-in-law covenant of good faith and fair dealing, and wrongful termination in violation of public policy.[1] However, a full statement of facts and procedural history can be found in this court's published opinion resolving Wallis' federal claims.
 
 II.
 STATE LAW CLAIMS
 A. Implied-in-Fact Contract
 
 4
 During Wallis' tenure as Director of Human Resources at Simplot, an employee handbook was adopted by Simplot after being approved by Wallis. This handbook, together with corporate policy statements approved by Wallis, specifically stated employment by Simplot was at-will. However, Wallis argues a limitation on Simplot's right to terminate the at-will employment arose due to Smith's post-hiring comments which he contends created an implied-in-fact contract.
 
 
 5
 The Idaho Supreme Court expressed the law on employment-at-will as follows:
 
 
 6
 Unless an employee is hired pursuant to a contract which specifies the duration of the employment or limits the reasons for which an employee may be discharged, the employment is at the will of either party and the employer may terminate the relationship at any time for any reason without incurring liability.
 
 
 7
 Metcalf v. Intermountain Gas Co., 778 P.2d 744, 746 (Idaho 1989). However, the Court found a limitation on the employer's right to terminate the employment relationship may be implied:
 
 
 8
 If, from all the circumstances surrounding the employment relationship, a reasonable person could conclude that both parties intended that the employer's ... right to terminate the employment relationship-at-will had been limited by the implied-in-fact agreement of the parties.
 
 
 9
 Id. In Metcalf, the possibility of an implied-in-fact contract arose from a provision of the employee handbook providing for accumulated sick leave benefits. The Court held a question of fact existed whether "the employer impliedly agreed with the employee that the employment relationship would not be terminated or the employee penalized for using the sick leave benefits which the employee had accrued." Id. at 747.
 
 
 10
 As noted, Simplot's employee handbook specifically provides for employment-at-will, and Wallis points to no provision in the handbook which support his claim of an implied-in-fact contract. Instead, Wallis relies entirely on Smith's oral statements.
 
 
 11
 We assume, without deciding, that Idaho law would, on a sufficient showing, permit an implied-in-fact contract of employment to be established entirely by oral representations. That assumption does not aid Wallis, however, because his evidence is not sufficient to permit a rational trier of fact to find that the parties had agreed to limit the employer's right to terminate the employment contract at-will. As the district court stated, official descriptions of Simplot as a company with a long history of stable employment and career relationships are far from a promise of a term of employment. Stray statements by unidentified employees to the effect that a job at Simplot is a job for life are even less probative.
 
 
 12
 The statements by Gordon Smith that Simplot would find a new role for Wallis and that he would not be hurt by the reorganization also do not qualify, by themselves and in contrast to the provisions of the handbook, as promises that could establish an implied-in-fact contract. Wallis relies on Ray v. Nampa School Dist. No. 131, 814 P.2d 17 (Idaho 1991), where the court held that a triable issue of an implied-in-fact contract was created in part by a statement that an employee would not be terminated "as long as he kept his nose clean." Id. at 20-21. This statement, however, is less equivocal than that of Smith in the present case. But most important, Ray held that "the employee handbook together with comments allegedly made by various ... officials" created an issue of fact. The oral statements were buttressed by the handbook, and vice versa. Here, the handbook flatly stated that employment was at-will. In the face of that provision, no rational trier of fact could take Smith's statement as the basis for finding an implied-in-fact mutual agreement to limit the employer's right to terminate the employment contract at-will. Furthermore, the Idaho Supreme Court has recently held that, when a provision in an employee handbook expressly disclaims the creation of an employment contract, oral statements cannot transform employment at-will into an implied employment contract, unless the statements limit the reasons for termination. Mithcell v. Zilog, Inc., No. 20058, 1994 WL 131536 at * 5 (Idaho April 18, 1994).
 
 
 13
 We therefore affirm the district court's ruling that no triable issue of an implied-in-fact contract had been raised. In light of this conclusion, we need not address Simplot's contentions that such a contract would violate the statute of frauds or that Wallis failed to give consideration for the contract.
 
 
 14
 B. Wrongful Termination in Violation of Public Policy
 
 
 15
 Wallis' complaint alleged that Simplot wrongfully terminated him in retaliation for his compliance with state and federal employment laws and that such a termination was in violation of public policy. The district court rejected this claim. Now, on appeal, Wallis asserts the termination violated public policy because it was a result of age discrimination. Thus, Wallis raises for the first time on appeal the issue of age discrimination violating public policy. "As a general rule, the court of appeals does not consider issues raised for the first time on appeal." In Re Wind Power Sys., Inc., 841 F.2d 288, 290 n. 1 (9th Cir.1988). Accordingly, we decline to consider the claim.
 
 
 16
 C. Implied-in-Law Covenant of Good Faith and Fair Dealing
 
 
 17
 Wallis argues, in his reply brief, that Simplot breached the implied covenant of good faith and fair dealing when it terminated his employment. "[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in the appellant's opening brief." International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). However, we have discretion to consider improperly presented claims if the appellee is not misled and the issue has been fully explored. Id. at 1404 n. 4. Because Simplot raises the issue in its brief initially, it is not prejudiced, and we may consider the claim.
 
 
 18
 The Idaho Supreme Court has held that a covenant of good faith and fair dealing is implied in all employment contracts, including employment-at-will. See Metcalf, 778 P.2d at 748 (recognizing covenant of good faith and fair dealing in employee-employer relationships). "[A]ny action which violates, nullifies or significantly impairs any benefit or right which either party has in the employment contract, whether express or implied, is a violation of the covenant...." Id. at 749. The covenant does not protect an employee from a no cause termination or an allegedly bad faith termination. See id. "The covenant does protect an employee from a discharge based on an employer's desire to avoid the payment of benefits already earned by the employee...." Id. An example of such a benefit is an earned sales commission. Id.
 
 
 19
 Wallis does not claim that Simplot fired him in an effort to avoid paying him benefits already earned. As a result, we affirm the district court's grant of summary judgment denying a claim for breach of implied covenant of good faith and fair dealing.
 
 IV.
 CONCLUSION
 
 20
 Accordingly, we AFFIRM the district court's grant of summary judgment in favor of Simplot on Wallis' state law claims.
 
 
 
 *
 Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wallis also makes a claim under the Idaho Human Rights Act (IHRA), I.C. Sec. 67-5901, et seq. The Idaho Supreme Court has held the analysis under Title VII of the Federal Civil Rights Act of 1964 (Title VII), 42 U.S.C. Sec. 2000e, et seq., applies to claims under the IHRA. Hoppe v. McDonald, 644 P.2d 355, 358 (Idaho 1982); see also Sengupta v. Morrison-Knudsen Co., Inc., 804 F.2d 1074, 1077 (9th Cir.1986). Accordingly, our published disposition resolving Wallis' Title VII claim also resolves his IHRA claim